IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DONTAE CLAY,

    Plaintiff,

v.

BRIAN OWENS, Commissioner;
DONALD JACKSON, Warden;
JOEL KNOWLES; DANNY BENNETT;
DUCE HOWELL; Officer CHAMBLISS;
Officer GREEN; and D. RAY JAMES
PRISON FACILITY,

    Defendants.

CIVIL ACTION NO.: CV509-103

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Washington State Prison in Davisboro, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at D. Ray James Prison in Folkston, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendants: Commissioner Brian Owens; Warden Donald Jackson; Deputy Warden Joel Knowles; and D. Ray James Prison Facility. Plaintiff makes no factual allegations in his Complaint against these named Defendants. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants Owens, Jackson, Knowles, or D. Ray James Prison Facility, his claims against these Defendants should be dismissed.

In addition, it appears Plaintiff seeks to hold Defendants Owens, Jackson, and Knowles liable based solely on their positions as supervisors. In section 1983 actions,

2

liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendants Owens, Jackson, and Knowles should be dismissed.

Further, Plaintiff appears to hold Defendant Bennett liable based on filing an informal grievance with him, which was denied. See Pressley v. Beard, 2005 WL 2347369, at *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials because officials failed to take corrective action following the plaintiff's unsuccessful grievance). Plaintiff's claims against Defendant Bennett should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Owens, Jackson, Knowles, Bennett, and D. Ray James Prison be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 20th day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)