IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DIST. COURT
2011 MAR 24 PM 4:23

CLERK_____
SO. DIST. OF GA.

DONTAE CLAY,

    Plaintiff,

v.

DEWAYNE HOWELL and
STEVEN CHAMBLESS,

    Defendants.

CIVIL ACTION NO.: CV509-103

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Walker State Prison in Rock Springs, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Dewayne Howell violated his constitutional rights while he was incarcerated at D. Ray James Prison in Folkston, Georgia. On January 3, 2011, Defendant Howell filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant Howell filed a Motion for Summary Judgment and that a response must be filed by January 27, 2011. (Doc. No. 30). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

AO 72A
(Rev. 8/82)

Plaintiff filed a Motion for Extension of Time to File a Response to this Motion, which the undersigned granted by Order dated February 2, 2011, and allowed Plaintiff to file a Response on or before February 24, 2011. (Doc. Nos. 33, 34). Plaintiff has still filed no Response to Defendant Howell's Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Howell told him to "cuff up", and then he noticed that Defendant Howell was wearing gloves and there were other officers with shields wearing riot gear for a cell extraction. Plaintiff asserts that Defendant Howell, along with other correctional officers, subjected him to an excessive amount of force, which led to physical injuries.

Defendant Howell asserts he was not present during the cell extraction.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., ___ F. Supp.2d ___, 2011 WL 589830, at *2 (M.D. Fla. Feb. 18, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.

AO 72A
(Rev. 8/82)

See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## **DISCUSSION AND CITATION TO AUTHORTY**

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In order to determine whether the force was used for the

AO 72A
(Rev. 8/82)

malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

The evidence Defendant Howell presented to the Court indicates that, not only did Defendant Howell not participate in the cell extraction during which Plaintiff contends he was subjected to the use of an excessive amount of force, Defendant Howell was not present when this cell extraction occurred. (Doc. No. 29-1, p. 7, ¶ 3; 10-11). Plaintiff has presented no evidence which creates a genuine dispute as to any material fact on his excessive use of force claim against Defendant Howell.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Howell's Motion for Summary Judgment be **GRANTED** and that Plaintiff's claims against Defendant Howell be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 24th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4